IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANDRE D. McDANIEL                                                                                        PLAINTIFF
ADC #111275

v.                                              NO. 4:11CV00219 JLH

JAMES L. WILLIAMS, *et al.*                                                                        DEFENDANTS

### ORDER

Plaintiff Andre D. McDaniel, currently incarcerated at the North Central Unit of the Arkansas Department of Correction, filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on March 7, 2011, naming as Defendants Department of Community Corrections ("DCC") Hearing Examiner James L. Williams, DCC Parole/Probation Officer Daniel E. Scott, DCC Area Supervisor T. Houston, Arkansas Board of Parole Commissioner John Felts and Chairman Leroy Brownlee. Because Plaintiff has failed to state a claim upon which relief may be granted, his complaint must be dismissed.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A (2006). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual

allegations must be enough to raise a right to relief above the speculative level . . . ." 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)) (setting new standard for failure to state a claim upon which relief may be granted), *overruling Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Id.* at 570, 127 S. Ct. at 1974. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. N.D. Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## II. Analysis

According to Plaintiff, his parole was wrongly revoked based on false allegations made by Scott, and he was denied due process and equal protection in a November 30, 2010, parole revocation hearing before Williams. Plaintiff seeks damages and the immediate reinstatement of his parole. However, any judgment in Plaintiff's favor would imply the invalidity of his current incarceration, and his complaint must therefore be dismissed. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck v. Humphrey*, the United States Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of habeas corpus. *Id.* at 486-89, 114 S. Ct. at 2372-73. There is no indication that Plaintiff's conviction or sentence has been reversed, expunged, or called into question by issuance

of a federal writ of habeas corpus, and any judgement in his favor would certainly imply the invalidity of his continued incarceration.[1] Accordingly, Plaintiff's complaint must be dismissed.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

5. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 5th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's only remedy for challenging the lawfulness of his continued incarceration is a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1247-48, 161 L. Ed. 2d 253 (2005) (state prisoners may use only habeas remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of State's custody); *Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007) (explaining that a petitioner must fully exhaust all available state remedies before commencing a federal habeas action to invalidate his commitment).